RECEIVED
IN LAKE CHARLES, LA
DEC 14 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 05 CR 20090 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JASON P. KAY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

In preparing the PSR, Probation used the November 1, 2001 Guidelines Manual. The defendant argues that although the Bill of Information states that the conspiracy existed between October 1, 2000 and July 1, 2002, Kay was incarcerated from September 14, 2001 until October 31, 2002. The defendant asserts that his role in the conspiracy ended in mid September and use of the November 1, 2000 is appropriate.

Kay contends that because the 2001 amendments to the guidelines increased the penalties to which he is subject, the court will violate the *ex post facto* Clause of the Constitution if Kay is sentenced under the 2001 amendments. "[A]n increase in sentence based on an amendment to the guidelines effective after the offense was committed 'would be an obvious ... violation' of the *ex post facto* clause in article 1 of the United States Constitution." *United States v. Suarez*, 911 F.2d 1016, 1021 (5th Cir.1990) (quoting *United States v. Woolford*, 896 F.2d 99, 102 n. 4 (5th Cir.1990)). A conspiracy, however, "is a continuing offense. So long as there is evidence that the conspiracy

continued after the effective date of the [amendments to the] guidelines, the *Ex Post Facto Clause* is not violated." *United States v. Buckhalter*, 986 F.2d 875, 880 (5th Cir.), *cert. denied*, 510 U.S. 873, 114 S.Ct. 203, 126 L.Ed.2d 160 (1993).

Neither the factual basis nor the relevant conduct contained in the PSR contain any information regarding conduct which occurred after September 14, 2001. Kay, in essence, is arguing that he, by being arrested and imprisoned, withdrew from the conspiracy by taking "affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach other conspirators." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65, 98 S.Ct. 2864, 2887-88, 57 L.Ed.2d 854 (1978); *see also United States v. Puma*, 937 F.2d 151, 157-58 (5th Cir.1991), *cert. denied*, 502 U.S. 1092, 112 S.Ct. 1165, 117 L.Ed.2d 412 (1992). If a conspirator fails to effectively withdraw from the conspiracy, he "will be sentenced under the [amendments to the] guidelines even if he himself did not commit an act in furtherance of the conspiracy after [November 1, 1989], or did not know of acts committed by other co-conspirators after [November 1, 1989], if it was foreseeable that the conspiracy would continue past the effective date of the [amendments]." *Devine*, 934 F.2d 1325 (5th Cir (Tx) Jun 20, 1991)(no.90-8156; *U.S. v. Thomas*, 12 F.3d 1350 (1994), 1370-1371 (C.A.5 (Tex.),1994).

The holding that a person's participation in a conspiracy ends with his arrest has its origin in the co-conspirator hearsay cases and is a general rule used in determining when statements are made in furtherance of a conspiracy. *See, e.g., United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir.1993) ( *ordinarily,* a person's participation in a conspiracy ends with arrest). Where there is evidence that conspirators managed to continue conducting the business of the conspiracy after arrest, the mere fact of arrest does not prevent the government from relying on that evidence. *See*

2

*United States v. Register*, 496 F.2d 1072, 1078-79 (5th Cir.1974); *see also United States v. Puig-Infante*, 19 F.3d 929, 945 (5th Cir.1994) (arrest does not constitute automatic withdrawal from conspiracy); *United States v. Howard*, 115 F.3d 1151, 1156-57 (4th Cir.1997).

Absent evidence of some overt act by Kay or evidence of an overt statement made to co-conspirators that he was terminating his involvement in the conspiracy made after his incarceration, this objection will be OVERRULED and the defendant will be sentenced under the 2001 Guideline Manual.

The defendant's second objection requires an evidentiary hearing at sentencing. Kay is objecting to the quantity of drugs attributed to him. The court will hear testimony on this issue.

The defendant's third, fourth and fifth objections depend upon the rulings on objections one and two. Therefore, these objections will be addressed after a ruling is made on the second objection.

Lake Charles, Louisiana, this 24 day of August, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE